T.C. Memo. 1998-384


UNITED STATES TAX COURT


CLIFFORD THOMAS AND LEAH DIANE NOAH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27259-96.                    Filed October 26, 1998.


Clifford Thomas Noah and Leah Diane Noah, pro sese.

<u>T. Richard Sealy III</u> and <u>Lewis J. Hubbard, Jr.</u>, for

respondent.

MEMORANDUM OPINION


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant

to the provisions of section 7443A and Rules 180, 181, and 182.[1]

Respondent determined deficiencies in petitioners' Federal

---

[1]  Unless otherwise indicated, all section references are to the
Internal Revenue Code in effect for the years in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

income taxes in the amounts of $718 and $735 for the 1993 and 1994 tax years, respectively. The issue for decision is whether petitioners are entitled to claim dependency exemption deductions under section 151 for the 1993 and 1994 tax years with respect to petitioner Clifford Thomas' two children from his previous marriage.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time that the petition was filed, petitioners resided in Burleson, Texas. Petitioners are husband and wife. References to petitioner are to Clifford Thomas Noah.

## Background

In 1994, petitioner worked for the Union Pacific Railroad Company and petitioner wife worked for American Airlines. Petitioner was previously married and was divorced in 1981. Petitioner has a daughter, Laurie Kay Noah (Laurie), and a son, Andrew Thomas Noah (Andrew), from his previous marriage, and one son from his present marriage.

Petitioner's ex-wife was granted custody of the children as managing conservator in a 1981 Decree of Divorce (divorce decree) issued by the District Court of Tarrant County, Texas. The divorce decree did not address the question as to which one of the parents was allowed to claim dependency exemption deductions for the children under section 151. Petitioner's ex-wife, as

custodial parent, claimed dependency exemption deductions for Laurie and Andrew under section 151 up to, and including, the 1992 tax year.

In January 1993, when she was 17, Laurie moved in with petitioners. Laurie lived with petitioners for the entire 1993 and 1994 tax years. Andrew continued to live with petitioner's ex-wife.

Petitioner and his ex-wife orally agreed that if petitioner would continue to pay child support in the amount of $468 a month to his ex-wife, petitioner could claim dependency exemption deductions for both of the children for the 1993 and 1994 tax years. Petitioner did not go to court and have a formal hearing in order to change custody because he felt that the children had already been subjected to too many court hearings pertaining to the original divorce action.

On January 18, 1993, Laurie signed an affidavit in which she chose petitioner as her managing conservator "subject to the approval of the Court." Laurie's affidavit, however, was never submitted to the court for approval.

Contrary to her earlier oral agreement, petitioner's ex-wife claimed dependency exemption deductions for both of the children for the 1993 and 1994 tax years.

On their 1993 and 1994 Federal income tax returns, petitioners claimed dependency exemption deductions with respect

to Laurie and Andrew in the amounts of $4,700 and $4,900 for the 1993 and 1994 tax years, respectively.

Respondent disallowed, in full, petitioners' claimed dependency exemption deductions with respect to Laurie and Andrew for the 1993 and 1994 tax years. Respondent also disallowed $13 of petitioners' claimed child-care credit for the 1993 tax year.

Respondent contends that petitioners were not entitled to claim section 151 dependency exemption deductions for Laurie and Andrew because petitioner was not the custodial parent and did not meet the statutory exceptions of section 152(e).

Discussion

Dependency Exemption Deductions

Section 151 allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. The term "dependent" includes a taxpayer's son or daughter over half of whose support for the calendar year is received from the taxpayer. Sec. 152(a)(1). Section 152(e), in pertinent part, provides for the allocation of a dependency exemption deduction for a child whose parents are divorced. Section 152(e) was amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 799. Section 152(e), as amended, is effective with respect to dependency exemption deductions for taxable years beginning after December 31, 1984. Sec. 1.152-4T, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

a.  Determination of the Custodial Parent

The custodial parent is generally entitled to claim the dependency exemption deduction.  Sec. 152(e)(1).  "Custody" for section 152 purposes is:

> determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. In the event of so-called "split" custody, or if neither a decree or agreement establishes who has custody, or if the validity or continuing effect of such decree or agreement is uncertain by reason of proceedings pending on the last day of the calendar year, "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year.  [Sec. 1.152-4(b), Income Tax Regs.]

Petitioner's ex-wife was granted custody of Laurie and Andrew as managing conservator in the 1981 divorce decree.

On January 18, 1993, Laurie signed an affidavit in which she chose petitioner as her managing conservator "subject to the approval of the Court."  Laurie's affidavit, however, was never submitted to the court for approval.  Texas State law allows a child who is 12 years of age or older to choose, by a writing filed with the court, a managing conservator, subject to the approval of the court.  Tex. Fam. Code Ann. sec. 14.07 (West 1993)(currently codified at sec. 153.008 (West 1996)).

The record in this case does not include a Texas court order changing the manager conservator as appointed by the district

court in the 1981 divorce decree.  No evidence was presented that Laurie's affidavit was ever filed with, or approved by, any court.  Therefore, in the absence of a court order modifying custody, petitioner's ex-wife remained the sole managing conservator under Texas law.

Other provisions of State law may also affect custody. Neither parent will be considered to have "custody" within the meaning of section 152(e)(1)(B) once a child has reached the age of majority and is considered emancipated under State law. Ferguson v. Commissioner, T.C. Memo. 1994-114.  A child reaches the age of majority in Texas at 18 years of age.  Tex. Civ. Prac. & Rem. Code Ann. sec. 129.001 (West 1993).  Petitioner, in the 1981 divorce decree, was ordered to pay child support for Laurie and Andrew until each of the children "reaches the age of eighteen years or is otherwise emancipated."

Laurie turned 18 and reached the age of majority under Texas law on July 24, 1994.  However, even though a child reaches the age of majority, section 152(e)(1) states that a child shall be treated as receiving over half of her support during the calendar year from the parent having custody of the child for a greater portion of the calendar year.  Since Laurie did not attain the age of majority until July 24, we find that petitioner's ex-wife was the custodial parent for the greater portion of the 1994 calendar year.

b.  <u>Section 152(e) Exceptions</u>

Petitioner, as a "noncustodial parent", may still claim the dependency exemption deduction if one of three statutory exceptions to section 152(e) is met.  If the requirements of any of the three statutory exceptions are met, the noncustodial parent is treated as providing over half of a child's support for that tax year.

The first statutory exception requires the custodial parent to sign a written declaration that the custodial parent will not claim the child as a dependent.  Sec. 152(e)(2)(A).  The noncustodial parent must attach the written declaration to the noncustodial parent's return for the taxable year.  Sec. 152(e)(2)(B).

Petitioner did not ask for, or receive, such a written declaration from his ex-wife, the custodial parent, and therefore did not attach the written declaration to petitioners' returns for the tax years in issue.  Petitioner testified to an oral agreement with his ex-wife, but such an agreement does not satisfy the statutory requirements of section 152(e)(2).

The second exception, section 152(e)(3), concerns multiple-support agreements and does not apply to this case.

Finally, the third exception requires a "qualified pre-1985 instrument".  Sec. 152(e)(4).  A "qualified pre-1985 instrument" is, in pertinent part, any decree of divorce, separate

maintenance, or written agreement that was executed before January 1, 1985, and that provides that the noncustodial parent is entitled to any deduction allowable under section 151 for the child. Sec. 152(e)(4)(A) and (B). The noncustodial parent is further required to provide at least $600 for the support of such child during the calendar year. Sec. 152(e)(4)(A)(ii).

Petitioner's 1981 divorce decree does not provide that petitioner, as the noncustodial parent, is entitled to any deduction allowable under section 151 for the children. Since the 1981 divorce decree does not provide for such entitlement, petitioner's 1981 divorce decree does not qualify as a "qualified pre-1985 instrument" under section 152(e)(4)(B).

Petitioner did not satisfy the requirements of any of the three section 152(e) exceptions. Since petitioner is not a custodial parent under section 152(e) and petitioners have not satisfied the statutory requirements of the section 152(e) exceptions, petitioners are not entitled to the claimed dependency exemption deductions for Laurie and Andrew for the 1993 and 1994 tax years. Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.